**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

THOMAS PETRAS,

    Plaintiff,

v.                                                     Case No: 5:17-cv-73-Oc-30PRL

OCWEN LOAN SERVICING, LLC,

    Defendant.

---

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Stay Proceedings (Doc. 15), and Plaintiff's response (Doc. 16). Defendant seeks a stay of this action while a federal case potentially impacting this one awaits resolution. Upon review, the Court denies Defendant's motion.

## BACKGROUND

On February 23, 2017, Plaintiff Thomas Petras filed this action alleging violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). In his Complaint (Doc. 1), Plaintiff alleges Defendant Ocwen Loan Servicing, LLC repeatedly called him in an attempt to collect a debt. Plaintiff further alleges that Defendant made each of these calls using an automatic telephone dialing system ("ATDS") or an artificial or pre-recorded voice. Finally, Plaintiff alleges that he verbally revoked his consent for Defendant to contact him, but Defendant called him at least another 100 times.

Defendant now asks the Court to stay these proceedings until *ACA International v. Federal Communications Commission*, Case No. 15-1211 before the D.C. Circuit, is adjudicated. In *ACA International*, the D.C. Circuit will review challenges to the Federal Communications Commission's July 2015 Declaratory Ruling and Order, which interpreted several provisions of the TCPA. In that Order, the Federal Communications Commission ("FCC") expanded the definition of an ATDS. Defendant argues that a stay is warranted because the D.C. Circuit could invalidate the FCC's Order, and this would limit Plaintiff's claim under the TCPA.

## **DISCUSSION**

A district court has "broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests." *Landis*, 299 U.S. at 254–55 (internal citations omitted). Courts should not grant stays that are immoderate. *Id.* at 256–57. However, in appropriate circumstances, temporary stays can promote judicial economy, reduce confusion and prejudice, and prevent inconsistent outcomes in related cases. *Rodriguez v. DFS Servs., LLC*, No. 8:15-CV-2601-T-30TBM, 2016 WL 369052, at *2 (M.D. Fla. Feb. 1, 2016) (citing *Amer. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984)).

Defendant argues that the Court should issue a stay because the ruling in *ACA International* could affect a key issue in this case—whether Defendant used an ATDS to

2

call Plaintiff. Defendant has not demonstrated that a stay is warranted, in part because the D.C. Circuit's ruling in *ACA International* will not be dispositive in this case.

Pursuant to the TCPA, Plaintiff can state a claim by alleging that Defendant called him using an ATDS, PTDS, or an artificial or pre-recorded voice. In the Complaint, Plaintiff alleged that Defendant used either an ATDS or an artificial or pre-recorded voice each time it called him. So, even if the D.C. Circuit's ruling impacts the definition of an ATDS, Plaintiff's claims will remain intact and the Parties will still have to engage in discovery.

In addition, it is far from certain that the D.C. Circuit will invalidate the FCC's expanded definition of an ATDS. The D.C. Circuit will not invalidate the FCC's July 2015 Order "unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Vernal Enters., Inc. v. Fed. Commc'ns Comm's*, 355 F.3d 650, 658 (D.C. Cir. 2004) (quoting 5 U.S.C. § 706(2)(A)). The Circuit Court's review under this standard is highly deferential, and it must presume the validity of the FCC's action. *Id.* (internal citation omitted).

Consistent with this Court's orders in several other cases,[1] the Court concludes a stay under these circumstances will not promote judicial economy, but it will harm Plaintiff. Staying these proceedings will require Plaintiff to stand aside for an indefinite period of time, waiting first for the D.C. Circuit to make its ruling and then (possibly) for

---

[1] *See Yardley v. Ocwen Loan Servicing, LLC*, No. 8:16-cv-01385-T-30AEP, Doc. 17 (March 29, 2017); *Terec v. Reg'l Acceptance Corp.*, No. 8:16-CV-2615-T-30MAP, 2017 WL 662181, at *2 (M.D. Fla. Feb. 17, 2017).

the Supreme Court to review that ruling. There is no compelling reason to require this of Plaintiff. The stay requested by Defendant is immoderate.

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Stay Proceedings (Doc. 15) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of June, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record